## CARLISLE vs. KINNEY.

A vendor of personal property may retain the possession, even after a sale sufficient to pass the title, if the purchase money has not been paid and no credit has been given, for it. This he does by virtue of the vendor's lien.

The defendant having bought a reaping and mowing machine, for $66, and for that and other property given his note for $78.50, payable at a bank, agreed to sell the machine to the plaintiff for $66, and $10 in advance. There was some question whether the plaintiff was to pay the $66 to the defendant, or upon the bank note; but there was no proof that the defendant ever agreed to give him any credit for any part of the purchase money. The plaintiff paid the $10 advance to the defendant; who refused to let him have possession of the machine, until the whole purchase money should be paid. Thereupon, before the bank note had matured, the plaintiff sued to recover the possession. The plaintiff paid $66 upon the note, at the bank, and the defendant paid the balance, $12.50, and took the note up.

Held, 1. That the plaintiff's right to maintain the action depended upon his right to the possession of the property when the suit was commenced, and upon the question whether the defendant was then a wrongdoer.

2. That in the absence of any evidence to show that the payment at the bank was made, and notice given to the defendant, before the commencement of the action, the acceptance of the money, by the defendant, was not such an adoption of the transaction as estopped him from denying that he had been paid for the machine, or from asserting his lien upon it for the purchase money.

NONSUIT granted at Livingston county circuit, and exceptions sent to the General Term in the first instance.

*Scott Lord*, for the plaintiff.

*Adams & Strang*, for the defendant.

*By the Court*, TALCOTT, J. This was an action to recover the possession of a reaping and mowing machine, claimed to have been bought by the plaintiff of the defendant. The defendant had previously bought the machine at auction, for $66, and agreed to sell the same to the plaintiff for the said $66, and $10 in advance. The defendant, on the purchase of the machine, had given a note, for that and another purchase, amounting in all to $78.50, payable at the Genesee Valley Bank.

And there was some question made as to whether the
$66 was to be paid to the defendant, or paid on the note,
but there was no proof that the defendant had ever
agreed to give the plaintiff any credit for any part of
the purchase money. The plaintiff paid the $10 ad-
vance to the defendant, and some days after that, went
to get the machine. The parties had some difference as
to the interest, which seems to have resulted in an agree-
ment that the plaintiff should pay one-half of the inter-
est from the time of the defendant's original purchase.
The defendant refused to let the plaintiff have the
machine, insisting upon the payment of the whole pur-
chase money before he parted with the possession, and
thereupon the plaintiff commenced this suit. The note
was not due till about two months after the suit was
commenced. At the same time the plaintiff paid into
the bank where the note was payable, and where it was
left either for collection or upon a discount, the sum of
$66 to apply in payment of the note, and the defendant
paid the balance of $12.50 and took up the note.

The plaintiff was nonsuited at the circuit. The plain-
tiff now claims that questions of fact arose in the case.
We do not see that there were any disputed questions
of fact which were material; but however that may be,
the plaintiff's counsel did not on the trial claim that
there was any such question, or ask to have anything
submitted to the jury, but on the contrary put his claim
to recover upon the ground "that the acceptance of the
money deposited by the plaintiff in the bank was such
an adoption of the transaction as estopped the defen-
dant from denying in this action that he had been paid
for the machine or had any claim to it." This position
would perhaps have been correct if it had been shown
that the payment into the bank had been made and the
defendant notified before the action was brought. But
no evidence was given to show when this payment was
made. The fact was within the plaintiff's knowledge,

Carlisle *v.* Kinney.

but the case which he has made carefully avoids all reference to the time when the payment was made and the defendant notified. From so much as does appear it is probable the payment into the bank was made sometime after the commencement of the suit; at all events there is no presumption that it was made before. The right to maintain this action depends upon the plaintiff's right to the possession of the property, when it was commenced, and upon the question whether the defendant was then a wrongdoer. For a similar reason the argument of the plaintiff's counsel that enough had passed between the parties to amount to a valid sale and change the title to the property, is ineffectual. The vendor of personal property may retain the possession, even after a sale sufficient to pass the title, if the purchase money has not been paid and no credit has been given for it. This he does by virtue of the vendor's lien.

The case does not show us whether the property was delivered to the plaintiff; but we assume such to have been the fact, as the defendant in his answer prayed a return. But there is no finding of the value or of any damages for taking and withholding; and as the defendant has now got his pay in full, the motion for a new trial is denied and judgment of nonsuit ordered for the defendant.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]